# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LERVONDA JEFFRIES,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19 CV 1771 DDN |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This action is before the court for judicial review of the final decision of the defendant Commissioner of Social Security denying the applications of plaintiff Lervonda Jeffries for disabled widow's benefits and supplemental security income (SSI) benefits under Titles II and XVI of the Act, 42 U.S.C. §§ 401-434, 1381-1385.  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, the final decision of the Commissioner is affirmed.

## I.  BACKGROUND

Plaintiff was born on June 16, 1964 and was 49 years old at the time of her June 14, 2014 amended alleged onset date.  (Tr. 57.)  She filed her applications on September 6, 2016, alleging disability due to schizoaffective disorder, bipolar type; knee problems; thyroid issues; and high blood pressure.  (Tr. 13, 32, 196-201, 204-11, 225, 231.)  The relevant time period for consideration of plaintiff's application for widow's benefits is from June 14, 2014, until December 31, 2014.  (Tr. 14, 16.)  The relevant time period for her

---

[1] The court notes the administrative record shows that plaintiff's last name is correctly spelled "Jeffries."  Therefore, the pleadings are amended as necessary to show the correct spelling of plaintiff's last name.

nothing for the ALJ to resolve. However, despite plaintiff's assertion, the DOT explains that none of the jobs identified by the vocational expert have significant interaction with people. *See* DOT, available at 1991 WL 671813, 1991 WL 687992, 1991 WL 672349, 1991 WL 671745. This is consistent with the ALJ's finding that plaintiff can have occasional interaction with supervisors and co-workers, and no interaction with the general public.

In summary, the court concludes that the ALJ properly included all limitations supported by the record into plaintiff's RFC and the hypothetical questioning. The vocational expert indicated that an individual with plaintiff's limitations could perform work existing in significant numbers in the national economy. As such, the ALJ properly concluded that plaintiff was capable of other work and, thus, not disabled.

## VI.  CONCLUSION

For the reasons set forth above, the decision of the Commissioner of Social Security is affirmed. An appropriate Judgment Order is issued herewith.


                                                  **/s/ David D. Noce**
                                        **UNITED STATES MAGISTRATE JUDGE**

Signed on July 14, 2020.